IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AZEWEN-JIK KANTE,<br><br>                Plaintiff,<br><br>    v.<br><br>NIKE, INC.,<br><br>                Defendant. | No. CV-07-1407-HU<br><br>FINDINGS & RECOMMENDATION/<br>ORDER |

Azewen-Jik Kante
289 Clifton Place, No. 2
Brooklyn, New York 11216

    Plaintiff Pro Se

David S. Aman
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2099

    Attorney for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Azewen-Jik Kante, appearing pro se, brings this action against defendant Nike, Inc., for breach of implied in law contract and conversion. The claims are based on plaintiff's allegations that Nike used her ideas, submitted to Nike in 1992 in

1 - FINDINGS & RECOMMENDATION/ORDER

the form of drawings and a "commercial pitch," to create the "SHOX" line of shoes, and failed to compensate plaintiff for her idea.

Defendant moves for summary judgment on the basis of the statute of limitations. I recommend that the motion be granted. Defendant also moves to strike certain evidence submitted by plaintiff in opposition to the motion. I grant the motion in part, deny it in part, and deny it as moot in part.

## BACKGROUND

Because defendant's motion is limited to the statute of limitations, I need not and do not reach the issue of what facts establish defendant's liability on the merits of either of plaintiff's claims. For this motion, I consider only whether the record establishes an absence of material fact regarding the application of the statute of limitations to plaintiff's claims.

The facts recited here are either undisputed by the parties' or are accepted by defendant for the purposes of this motion only.

In 1991, at age twelve, plaintiff created ten drawings of an athletic shoe having four springs in its heel. In 1992, at the age of thirteen, plaintiff submitted the ten original drawings to defendant, which reviewed and considered them. Defendant then informed plaintiff that it was not interested in the shoe design. An August 5, 1992 letter from Nike employee Marie E. Smith thanked plaintiff for submitting her idea, informed plaintiff that defendant decided to forego the opportunity at the time, and further informed plaintiff that it was returning her materials with the letter.

Defendant allegedly did not return seven of the ten drawings, including those with words "Spring Jump, and "Boing," and showing

2 - FINDINGS & RECOMMENDATION/ORDER

four springs in the heel. Plaintiff called defendant two or three times each year between 1992 and 2003 in an attempt to speak with whomever was handling her submission and to obtain the remaining drawings.

Defendant allegedly incorporated plaintiff's ideas in its SHOX shoe which was sold beginning in 2000. The word "Boing" appeared in a commercial for the SHOX shoe. Plaintiff acknowledges that in 1999, she saw a television commercial for the shoe and immediately concluded that the commercial and the shoe were based on her 1992 submissions to defendant. She confirmed this conclusion in July 2001 when her sister saw and purchased a SHOX shoe and told plaintiff that it appeared the shoe was created from plaintiff's concept and drawings she submitted to defendant in 1992.

In 2003, plaintiff spoke with defendant's in-house counsel William Berner who then sent plaintiff copies of the three drawings defendant had returned in 1992. Plaintiff filed this action on September 21, 2007.

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the

3 - FINDINGS & RECOMMENDATION/ORDER

absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate and support facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

## DISCUSSION

Plaintiff's first claim is for breach of contract implied in law and is based on her allegations that she sent drawings and other materials to defendant in 1992, received only three drawings back, that she demanded the return of the other drawings from 1992

4 - FINDINGS & RECOMMENDATION/ORDER

to 2003, but has not received them, and that since 2000, defendant has been selling its SHOX shoes which incorporate her invention. She contends that she has no adequate remedy at law, that defendant willfully withheld the drawings, and that defendant has been unjustly enriched. Her second claim is for conversion, based on her allegations that defendant refuses to return the drawings, this refusal is intentional, and defendant now exerts dominion over them.

Defendant moves for summary judgment as to both claims, based on the following arguments: (1) plaintiff's claims are displaced by the Oregon Trade Secrets Act (OTSA) which carries a three-year statute of limitations and thus, they are time-barred; (2) even if the claims are not displaced by the OTSA, the claims are still time-barred; (3) plaintiff has no evidence to support her claim of fraudulent concealment; and (4) plaintiff's status as a minor until 1997 does not save her claim from the statute of limitations.

I.  OTSA Preemption

With some limited exceptions, the OTSA supersedes "conflicting tort, restitution or other laws of Oregon providing civil remedies for misappropriation of a trade secret." Or. Rev. Stat. § O.R.S. 646.473(1). The OTSA does not affect contractual remedies (whether or not based upon misappropriation of a trade secret), other civil remedies that are not based upon misappropriation of a trade secret, criminal remedies (whether or not based upon misappropriation of a trade secret), or any defense, immunity or limitation of liability afforded public bodies, their officers, employee, or agents under the Oregon Tort Claims Act. Id.

In a 2004 opinion, Judge Brown considered an implied contract

5 - FINDINGS & RECOMMENDATION/ORDER

counterclaim brought by defendant Dixon in a case brought against him by Nike. Nike, Inc. v. Dixon, No. CV-01-1459-BR, 2004 WL 3065757, at *5 (D. Or. Apr. 6, 2004), aff'd 163 Fed. Appx. 908 (Fed. Cir. 2006). Dixon contended that Nike had been unjustly enriched by its alleged misappropriation of Dixon's trade secrets in his "Shockee 2000" shoe design. Id. Judge Brown labeled the claim as one for "Breach of Implied Contract - Unjust Enrichment." Id.

Judge Brown discussed one of her earlier cases, which in turn had discussed cases from other jurisdictions that, like Oregon, had adopted the Uniform Trade Secrets Act and had held unjust enrichment and quasi-contract claims based on alleged misappropriation of trade secrets to be preempted by the statute. Id. (quoting nMotion, Inc. v. Environmental Tectonics Corp., No. CV-01-524-BR, Op. & Ord. at pp. 30-31 (D. Or. Oct. 27, 2003)). She noted first that a quasi-contract claim is restitutionary in nature even though it uses the language of contract law. Id. Moreover, the statute "arose to create a uniform business environment that created more certain standards for protection of commercially valuable information." Id. (internal quotation omitted). Thus, the statute provides "the only avenue for claims based on idea misappropriation." Id. (internal quotation omitted).

Based on this discussion, Judge Brown concluded that Dixon sought restitution in his claims for quasi-contract/unjust enrichment based on the alleged misappropriation of the same alleged trade secrets that were the subject of claims that he brought directly under the OTSA. Id. She concluded that the OTSA's remedies for restitution under these claims superseded any

6 - FINDINGS & RECOMMENDATION/ORDER

restitution remedy available under common law.  Id.

Cases from other jurisdictions have held that the Uniform Trade Secrets Act, upon which the OTSA is based, supersedes conversion claims.  E.g., Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co., 270 F. Supp. 2d 943, 950 (W.D. Mich. 2003) (where conversion claim was based on allegations that the defendant deprived the plaintiff of its exclusive, confidential proprietary and trade secret rights and interests, and there was no allegation of damages for the taking of the physical property (the paper containing the blueprints and drawings), the conversion claim was properly preempted by the statute).

The essence of plaintiff's implied in law contract claim is the wrongful use by defendant of proprietary material belonging to plaintiff.  This is precisely the type of claim that the OTSA states is superseded by statute.  The same holds true for plaintiff's conversion claim where she contends that defendant has wrongfully deprived her of the use of her proprietary material by failing to return it.  Thus, I agree with defendant that the OTSA supersedes or preempts plaintiff's claims.

There is no dispute that plaintiff concluded in 1999 that defendant had used her drawings in its design of the SHOX shoe, and that she reaffirmed that conclusion in July 2001, when her sister actually bought a SHOX shoe and told that the shoe was based on plaintiff's designs and drawings.  As the alleged wrongful use of the drawings by defendant is the cornerstone of plaintiff's implied in law claim, plaintiff was possessed of the facts forming the basis of her claim in either 1999 or July 2001, more than three years before she filed this action.  O.R.S. 646.671 (three-year

7 - FINDINGS & RECOMMENDATION/ORDER

statute of limitations for OTSA claims). Thus, the claim is time-barred. Moreover, as discussed below, the conversion claim likely accrued even earlier. But, even if it had not, it accrued no later than 1999 or July 2001, again more than three years before plaintiff filed this action. The conversion claim is also time-barred.

II. Six Year Statutes of Limitations

If plaintiff's claims are not superseded or preempted by OTSA, I agree with defendant that they are still time-barred. The implied in law contract claim is governed by the six-year statute of limitations for breach of contract claims found in O.R.S. 12.080(1). Jaqua v. Nike, 125 Or. App. 294, 299, 865 P.2d 442, 446 (1993).

The elements of a claim for breach of contract implied in law are (a) a benefit conferred; (2) awareness by the recipient that a benefit has been received; and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. Id. at 298, 865 P.2d at 445.

As discussed above, the undisputed facts in the record show that plaintiff was aware in 1999, or at least by July 2001, of all of the facts supporting her implied in law contract claim: she was aware that she conferred a benefit on defendant when she submitted her drawings to defendant in 1992, or alternatively, in 1999 and 2001 when she concluded that defendant had used her idea; defendant was aware of the benefit it received, either in 1992 when it received the drawings or sometime between 1992 and when it incorporated the drawings into the SHOX shoe; and in 1999 or July 2001, plaintiff concluded that defendant had inappropriately used

8 - FINDINGS & RECOMMENDATION/ORDER

her ideas in its product, creating the alleged injustice. Because plaintiff filed this action on September 21, 2007, more than six years after she learned of all the facts supporting her implied contract claim, it is time-barred even under the more lengthy statute of limitations.

As for the conversion claim, it is also governed by a six-year statute of limitations. O.R.S. 12.080(4). A conversion claim accrues once the defendant exercises wrongful dominion or control over allegedly converted property and controls it in a manner that seriously interferes with the owner's rights to the property. See Everman v. Lockwood, 144 Or. App. 28, 32-33, 925 P.2d 128, 130 (1996).

The conversion claim accrued sometime between 1992, when defendant allegedly retained seven of the ten drawings plaintiff contends she submitted, and 1999 or July 2001. No reasonable juror could conclude other than that by 1999 or July 2001, plaintiff knew all the facts supporting a conclusion that defendant had converted her drawings. As this was six years before she filed this action, the conversion claim is also time-barred.

III. Fraudulent Concealment

Plaintiff contends that defendant should be equitably estopped from asserting the statute of limitations against her claims because defendant's willful withholding of plaintiff's drawings amounts to fraudulent concealment.

Under Oregon law, a "defendant may be estopped if he lulled the plaintiff, by affirmative inducement, into delaying the filing of a cause of action or, similarly, if he lulled the plaintiff into believing he had no cause of action against the defendant."

9 - FINDINGS & RECOMMENDATION/ORDER

1  Philpott v. A.H. Robins Co., Inc., 710 F.2d 1422, 1425 (9th Cir.
2  1983); see also Thayer v. Nydigger, No. 95-2004 AS, 1999 WL 372552,
3  at *21 (D. Or. Apr. 15, 1999) (in Oregon, a party who actively
4  conceals a breach of contract will toll the statute of limitations
5  until the injured party discovers or, with reasonable diligence,
6  would have discovered the breach.); Chaney v. Fields Chevrolet Co.,
7  264 Or. 21, 27, 503 P.2d 1239, 1241 (1972) ("one who wrongfully
8  conceals material facts and thereby prevents discovery of his wrong
9  or of the fact that a cause of action has accrued against him is
10 not permitted to assert the statute of limitations as a bar to an
11 action against him[.]").

The inducement must be affirmative because "silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure." Philpott, 710 F.2d at 1425 (internal quotation omitted).

Defendant argues that plaintiff cannot satisfy the elements required for fraudulent concealment. There is no evidence of any affirmative inducement or concealment that caused plaintiff to delay filing her claims or to be unaware of her claims. Defendant notes that actually, the evidence is to the contrary in that plaintiff asserts that she continually demanded the return of her drawings and at no time did defendant tell her anything that caused her to delay filing her claim or that concealed her claim. She never talked with anyone from Nike for over ten years, from 1992 to 2003.

More importantly, defendant continues, plaintiff concluded defendant was using her design in 1999, when she saw the

10 - FINDINGS & RECOMMENDATION/ORDER

commercial, and again in July 2001, when her sister called her about purchasing a SHOX shoe. Fraudulent concealment does not apply once the plaintiff knows or should reasonably know that he or she has a claim. See Chaney, 264 Or. at 26-67, 503 P.2d at 1241. Since plaintiff knew that defendant had used her design more than six years before she filed the lawsuit, she cannot sustain her argument that defendant should be equitably estopped from asserting the six-year statute of limitations applicable to her claims.

I agree with defendant. Plaintiff argues that defendant's failure to return the seven drawings is affirmative conduct of fraudulent concealment. Alternatively, she contends only passive concealment was required because she and defendant were in a special relationship.

Defendant's failure to return the drawings is irrelevant to its alleged use of the drawings and it is the use of the drawings that supplies the improper or unjust component of the implied in law contract claim. As for the conversion claim, it is when plaintiff became aware of defendant's use of her drawings and defendant's failure to return them that she lost the ability to make a fraudulent concealment argument. Defendant did nothing to suggest that it would eventually return the drawings it allegedly withheld. Since it is undisputed that plaintiff became aware of defendant's use of the drawings and its failure to return them more than six years before she filed the action, any conduct by defendant occurring before then cannot be used to estop defendant from asserting the statute of limitations against plaintiff's claims.

Additionally, the undisputed facts reveal that plaintiff and

11 - FINDINGS & RECOMMENDATION/ORDER

defendant acted in nothing other than an arms-length relationship. Plaintiff's status as a minor in 1992 does not create a special relationship.

Finally, Oregon's tolling provision for minors is simply inapplicable here. Plaintiff's claims accrued in 1999 or July 2001, after she reached the age of eighteen on January 5, 1997. The statutory tolling provision is implicated when the plaintiff is a minor at the time a claim accrues. O.R.S. 12.160(1); see also O.R.S. 12.170 ("[n]o person shall make use of a disability unless it existed when the right of action of the person accrued."). Because plaintiff was no longer a minor at the time her claims accrued, the claims are not saved by this tolling provision. And, even if the conversion claim accrued before plaintiff reached the age of majority, plaintiff's age ceased to be a factor one year later. O.R.S. 12.160. Thus, regardless of when the conversion claim accrued, it is time-barred.

IV.  Motion to Strike

Defendant moves to strike portions of the deposition of Larita Spencer, parts of plaintiff's declaration, and an exhibit, all submitted by plaintiff in opposition to defendant's motion.

A.  Larita Spencer Deposition

Defendant moves to strike fifteen separate portions of Spencer's deposition testimony. In its motion, defendant lists the portions by page and line number, and makes the global argument that the testimony is "irrelevant, unduly prejudicial, hearsay, improper speculation, improper character and opinion evidence, and given without personal knowledge, and therefore inadmissible pursuant to Federal Rules of Evidence 401, 402, 403, 404, 602, 608,

12 - FINDINGS & RECOMMENDATION/ORDER

801 and 802."  Deft's Mtn to Strike at p. 2.

Defendant fails to articulate which of its objections applies to which challenged portion(s) of the deposition, creating an unnecessary burden on the Court to determine if the objection to each challenged portion is one or more of those listed.  This results in an undisciplined and unfocused motion which is not helpful to the Court.

Moreover, while all of the challenged portions of Spencer's deposition are appended to plaintiff's memorandum in opposition to the summary judgment motion, her declaration and memorandum contain only a handful of references to Spencer's testimony and plaintiff confirmed at oral argument that she relied on only six of the challenged portions.  Thus, I deny the motion as moot as to those portions of the Spencer's deposition that plaintiff does not rely on.

Plaintiff relies on the following portions of Spencer's deposition testimony:  (1) page 31, lines 3-7 and 16-19; (2) page 33, line 18, to page 34, line 25; (3) page 47, lines 1 -11; (4) page 65, line 1, to page 66, line 25; (5) page 79, line 17, to page 80, line 11; and (6) page 80, line 21, to page 81, line 4.  While the admissibility of the testimony in these challenged portions of the deposition is questionable, I deny the motion directed at these portions as moot because I recommend that the summary judgment motion be granted even if the testimony is considered.

B.  Plaintiff's Declaration

Defendant moves to strike paragraphs 3, 4, 5, 6, and 7 of plaintiff's declaration because plaintiff refused to answer questions in her deposition concerning her communications with her

13 - FINDINGS & RECOMMENDATION/ORDER

attorneys, asserting the attorney-client privilege. Because, defendant contends, these paragraphs of her declaration concern those communications, they should be stricken.

While I agree with defendant that plaintiff invoked the attorney-client privilege in her deposition and thus, should not be disclosing those privileged communications in her declaration, the problem is that paragraphs 4, 5, 6, and 7 refer to the fact that there were communications between attorney and client but do not reveal the communications themselves. Thus, I deny the motion as to those paragraphs.

Paragraph 3 includes a statement regarding what advice attorneys told plaintiff regarding a possible claim against defendant. Because I recommend granting the summary judgment motion even when considering the statement, I deny the remainder of the motion to strike as moot.

C. Wikipedia Entry

Finally, defendant moves to strike an exhibit submitted by plaintiff which is a copy of the Wikipedia entry for Nike SHOX. I grant the motion as the evidence is, at best, irrelevant to the statute of limitations issues raised in the summary judgment motion.

V. Motion to Compel

Defendant moves to compel plaintiff to produce certain evidence. Defendant notes that the evidence is not relevant to the statute of limitations argument it raises in the summary judgment motion. Both parties agreed at oral argument that the Court should defer ruling on the motion to compel until after the summary judgment motion is resolved. If the Article III District Court

14 - FINDINGS & RECOMMENDATION/ORDER

Judge to whom the Findings & Recommendation is referred, adopts my summary judgment recommendation, I further recommend that the District Court Judge deny the motion to compel as moot. If the District Court Judge does not adopt my summary judgment recommendation, I will consider the motion to compel following entry of the District Court Judge's Order.

## CONCLUSION

I recommend that defendant's motion for summary judgment (#44) be granted. Defendant's motion to strike (#60) is granted in part, denied in part, and denied as moot in part.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 12, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due November 26, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __28th__ day of <u>October</u>, 2008.

<u>/s/ Dennis James Hubel</u>
Dennis James Hubel
United States Magistrate Judge

15 - FINDINGS & RECOMMENDATION/ORDER